IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEET METAL WORKERS' LOCAL 19<br>1301 South Columbus Boulevard<br>Philadelphia, PA  19147 | : | CIVIL ACTION |
| | : | |
| | : | NO. |
| and | : | |
| | : | |
| SHEET METAL WORKERS' HEALTH &<br>WELFARE FUND OF LOCAL NO. 19<br>1301 South Columbus Boulevard<br>Philadelphia, PA  19147 | : | |
| and | : | |
| SHEET METAL WORKERS' PENSION FUND<br>OF LOCAL NO. 19<br>1301 South Columbus Boulevard<br>Philadelphia, PA  19147 | : | |
| and | : | |
| SHEET METAL WORKERS' ANNUITY FUND<br>OF LOCAL NO. 19<br>1301 South Columbus Boulevard<br>Philadelphia, PA  19147 | : | |
| and | : | |
| SHEET METAL WORKERS' VACATION FUND<br>OF LOCAL NO. 19<br>1301 South Columbus Boulevard<br>Philadelphia, PA  19147 | : | |
| and | : | |
| SHEET METAL WORKERS' SUPPLEMENTAL<br>UNEMPLOYMENT BENEFIT (S.U.B.) FUND<br>OF LOCAL NO. 19<br>1301 South Columbus Boulevard<br>Philadelphia, PA  19147 | : | |
| and | : | |

| | |
|---|---|
| SHEET METAL WORKERS' JOINT APPRENTICESHIP FUND OF PHILADELPHIA AND VICINITY<br>1301 South Columbus Boulevard<br>Philadelphia, PA  19147<br><br>and<br><br>INDUSTRY FUND OF THE SHEET METAL CONTRACTORS ASSOCIATION OF PHILADELPHIA AND VICINITY<br>1301 South Columbus Boulevard<br>Philadelphia, PA  19147<br><br>and<br><br>SHEET METAL WORKERS' INTERNATIONAL TRAINING INSTITUTE (ITI)<br>601 North Fairfax Street<br>Suite 600<br>Alexandria, VA  22314<br><br>and<br><br>GARY MASINO, TRUSTEE<br>SHEET METAL WORKERS' LOCAL 19<br>BENEFIT FUNDS<br>1301 South Columbus Boulevard<br>Philadelphia, PA  19147,<br><br>                    Plaintiffs,<br>       v.<br><br>EASTERN AIR BALANCE CORPORATION and TIMOTHY ROATEN, individually<br>252 South Esbenshade Road<br>Manheim, PA 17545<br><br>                    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT IN CONFESSION

### The Parties

1.     The Plaintiffs in this action are Sheet Metal Workers' Local No. 19 ("Plaintiff

Union"), an unincorporated labor organization within the meaning of Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 185, with its principal office located at 1301 South Columbus Boulevard, Philadelphia, PA 19147, and Sheet Metal Workers' Health & Welfare Fund of Local No. 19, Sheet Metal Workers' Pension Fund of Local No. 19, Sheet Metal Workers' Annuity Fund of Local No. 19, Sheet Metal Workers' Vacation Fund of Local No. 19, Sheet Metal Workers' S.U.B. Fund of Local No. 19, Sheet Metal Workers' Joint Apprenticeship Fund of Philadelphia and Vicinity, and the Sheet Metal Workers' International Training Institute (ITI) ("Plaintiff Funds"), which are due and owing the relief sought from Eastern Air Balance Corporation and Timothy Roaten, (the "Defendants") as set forth below. Plaintiff Union brings this action on its own behalf and on behalf of its members who are participants in and beneficiaries of Plaintiff Funds.  Plaintiff Gary Masino is a trustee and fiduciary of the Funds, and brings this action in such capacity on behalf of the Funds.

2.   Defendant Eastern Air Balance Corporation ("Eastern Air"), is a company doing business at 252 South Esbenshade Road, Manheim, PA 17545.  Defendant Timothy Roaten ("Owner"), is the Owner of Eastern Air.

3.   One or both Defendants are engaged in commerce within the meaning of Section 2(6) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 152(6), and one or both has employed members of Plaintiff Union pursuant to a collective bargaining agreement in the Commonwealth of Pennsylvania.

4.   One or both defendants are Employers within the meaning of Section 2(2) and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 152(2) and Section 185; and Sections 3(5) and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1002(5) and Section 1145.

## Jurisdiction & Venue

5. Jurisdiction in the District Court is proper pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 185, in that one or both Defendants is an employer within the meaning of the Labor Management Relations Act, and one or both have been and continue to be a party to collective bargaining agreements which form the basis of this litigation; and 28 U.S.C. Section 1337, providing for original jurisdiction in civil actions that arise out of an Act of Congress regulating commerce.

6. Jurisdiction of the District Court is also proper pursuant to Sections 502 and Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1132 and 1145. The Eastern District of Pennsylvania is the proper venue under ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2), because the Plaintiff Funds are administered in this judicial district.

## Cause Of Action

7. The Plaintiff Union and Defendant Eastern Air are parties to a collective bargaining agreement(s), which requires that the Defendant Easter Air make certain contributions to the Plaintiff Funds and remit certain payments to the Plaintiff Union.

8. Defendant Eastern Air has entered into a payment agreement for the repayment of monies due the Plaintiffs pursuant to said collective bargaining agreement(s). Defendant Owner has agreed to guarantee personally the amount owed, and in the event of default, Defendants have agreed to the entry of judgment against them in an amount equal to that set forth in the Judgment Note (the "Agreement"), a true and correct copy of which is attached hereto as Exhibit A. The Agreement provides that Plaintiffs may confess judgment on Defendants' behalf in the event of default thereunder. Exhibit A, Paragraph 6.

9. Pursuant to Paragraph 1 of the Agreement, Plaintiffs are entitled to interest on the unpaid principal to run at the rate of 4.25% until the total principal has been paid. Exhibit A, Paragraph 1.

10. Pursuant to Paragraph 4 of the Agreement, in the event that Plaintiffs do not receive payment when due, or in the event that Defendants fail to remain current regarding continuing benefit contributions, the balance of the principal then owing, together with outstanding interest and outstanding benefit contributions, shall be paid by Defendants and/or Owner after 5 days written notice by Plaintiffs.

11. Pursuant to Paragraph 6 of the Agreement, in the event that any payment identified above is not received when due, Defendants have agreed to have judgment entered against them in favor of the holder of this Note for the above sum with costs of suit, with a reasonable attorney's fee added.

12. Defendants have defaulted on the Agreement, at least by failing to remain current with their ongoing obligations, in violation of Paragraph 4 of the Note. Accordingly, the remaining principal owed on the Note plus interest is now due, in the total amount of $80,330.78. Notice of default has been provided at the Defendants' last known address via Certified/Return Receipt Requested and First Class Regular Mail as contemplated by the Agreement, Paragraph 4; Exhibit B.

13. Defendants have agreed to waive any stay of execution on the Judgment confessed. Exhibit A, Paragraph 6.

14. The transaction upon which Plaintiffs seek judgment did not arise from a retail installment sale, contract, or account and was a business transaction.

15. The Defendants are neither incompetent nor infants, nor are the Defendants in

military service.

16. This Court is authorized to enter judgment in these circumstances. *D.H. Overmyer Co. of Ohio v. Frick Co.*, 405 U.S. 174 (1972); *USA v. Stuart*, 392 F2d 60 (3d Cir. 1968); See Local Rule 56.1- "Judgments Pursuant to Warrant of Attorney".

**WHEREFORE**, Plaintiffs request this Court to grant judgment in the form submitted herewith against the Defendants and in favor of the Plaintiffs in the amount of $80,330.78, plus attorneys' fees and costs, with interest to run at the rate of 4.25% on the principal balance until the balance has been paid, and to grant such additional relief as is just.

**SPEAR, WILDERMAN, P.C.**

BY: /s/ _____
BENJAMIN EISNER
230 South Broad Street, Suite 1400
Philadelphia, PA 19102
(215) 732-0101
**BE2225**

Dated: December 21, 2016